ERVIN, Judge,
concurring and dissenting.
I respectfully dissent to that portion of the majority’s opinion reversing the lower court’s judgment as it relates to the property appraiser’s use of a five-year moving average to determine the safe rate. The trial judge’s findings on that issue, in paragraphs 13-15 of the judgment were:
13. Obviously, a significant issue is the ascertainment of the safe rate. The property appraiser based his finding of 6% by a consideration of passbook savings yields of 5 to 51/2%, and also the 13 week Treasury Bills (5 year moving average). ...
The thrust of attack is that the five-year moving average of 13 week Treasury Bills violates the requirement of assessment as of January 1 of the tax year.... It must be observed that determination of a safe rate is a matter of judgment and not exact science.
14. Though the value is to be found as of January 1 of each year, the appraiser is not limited strictly to consideration of indicia of value on that date. Even when fair market value is to be found, based on actual arms-length sales, there is latitude in consideration of sales before and after the date on which the value is sought. In evaluating investments for income, one would logically scrutinize securities in the light of a history of performance and not necessarily the current status. The consideration of the five year moving average of 13 week Treasury Bills is within discretion of the property appraiser and is not a violation of Section 192.042, Florida Statutes.
15. ... The issue is whether or not the appraiser acted within the discretion allowed by law. Stated otherwise, it is whether or not his selection of a safe rate violates the law. It is noted that he considered passbook savings rates and 13 week Treasury Bills. These are precisely in accord with the Agricultural Guidelines promulgated by the Department of Revenue. These standards are guidelines and are not imperatives, as were provided in Section 195.032 prior to amendments in 1976.... However, it is not demonstrated in this case that his use of these rates constitutes an abuse of discretion [or] violation of law.
(Citation omitted).
These findings clearly indicate that the appraiser merely considered the use of a five-year average. No particular use of the number is mandated by statute or rule. The appraiser considered other factors as well, including the rate of return on passbook savings. Presumably this information is evaluated by the appraiser in light of his knowledge of economic conditions, including the obvious upward trend (until very recently) of the yield of Treasury paper along with other interest rates. No abuse of discretion is inherent in such consideration. I might well agree with the majority if the evidence had revealed a blind reliance on the five-year average; however, unless consideration of the history of treasury paper is improper as a matter of law, I would not disturb such a finding. A prudent investor will ordinarily consider the recent history of potential investments. To aid *711 local appraisers, DOR has formalized this. Such formalization does not render the consideration of the five-year average contrary to law. I therefore find no demonstration of any abuse of discretion as to the appraiser’s employment of the safe rate factor.
I agree, however, with the majority that the management cost figure is unsupported by competent and substantial evidence.